EX PARTE ANDINO.

APPEAL from the District Court of San Juan.

No. 21.—Decided May 22, 1905.

CONSTRUCTION OF LAWS IN PARI MATERIA.—It is a general rule of construction that laws *in pari materia* will be construed together in an effort to harmonize the same in so far as possible.

Habeas Corpus—Imprisonment for Failure to Pay Fine and Costs.—The
    power of municipal courts to impose subsidiary imprisonment in default of
    the payment of a fine and costs is governed by the provisions of section 54 of
    the Code of Criminal Procedure, and not by section 322 of the same code.

The facts are stated in the opinion.

*Mr. Martínez Quintero,* for appellant.

*Mr. Rossy, Fiscal,* for the respondent.

Mr. Justice MacLeary delivered the following opinion of
the court:

The appellant in this case, through her attorney, J. E.
Martínez Quintero, on the 29th of March last, applied to the
District Court of San Juan for a writ of *habeas corpus,* al-
leging that she was unlawfully restrained of her liberty in
the municipal jail of Vega Baja by virtue of a warrant of
commitment issued out of the municipal court of the said
town; that the said warrant declared her to have been con-
victed of the offense of malicious mischief, and condemned
her to pay a fine of $10 and costs of the prosecution, amount-
ing to $3, and in default of payment to be confined in prison
for twenty-six days. She alleges this imprisonment to be
illegal because it is in obedience to a judgment which contra-
venes the provisions of section 322 of the Code of Criminal
Procedure. In other words, the appellant contends that her
imprisonment should be for only thirteen days, or at the rate
of $1 per day to the extent of the fine and costs, while the
warrant requires her to serve out her fine and costs at the
rate of 50 cents per day, making the imprisonment twice as
long.

Evidently the municipal judge based his sentence on sec-
tion 54 of the Code of Criminal Procedure, which reads as
follows:

"When the judgment is rendered against a defendant, that he pay
a fine and the costs of said proceeding, should he fail to do so at once,
the justice shall commit him to jail to be confined one day for each

50 cents of fine and costs remaining unpaid; said imprisonment in the aggregate shall not exceed ninety days.''

This is the statute governing judgment in the justices' court, as that court formerly existed before the passage of the Judiciary Act of the 10th of March, 1904, which went into effect on the 1st of July last. The appellant contends that the imprisonment should be regulated by the provisions of section 322 of the Code of Criminal Procedure, which reads as follows:

"A judgment that the defendant pay a fine may also direct that he be imprisoned until the fine be satisfied.   *   *   *   But the judgment must specify the extent of the imprisonment, which must not exceed one day for every dollar of the fine, nor extend in any case beyond the term for which the defendant might be sentenced to imprisonment for the offense of which he has been convicted.''

This section of the law fixing the imprisonment at the rate of $1 per day to the amount of the fine and the costs is the law which is in force regulating imprisonments under sentences of the district court, and the question presented for decision is simply this: Is the municipal court governed in fixing the imprisonment for nonpayment of fine and costs according to section 54 as provided for the justices' court, or according to section 322 as provided for the district court? Counsel for the appellant contends that the latter section applies, and refers in support of this view to sections 3 and 4 of "An Act organizing the judiciary of Porto Rico, etc.,'' passed on the 10th of March, 1904. (See Laws of 1904, page 105.)

It is stated in the said act of the Legislative Assembly that "There is created hereby the office of municipal judge, who shall perform the duties and functions which are heretofore prescribed in this law. And all the proceedings in the said municipal courts must be conducted according to the rules and proceedings in force in the district courts'' (section

3). And the said law continues "Except as provided here-after in this Act the municipal judges created hereby shall fulfill all the duties which are at present performed by the justices of the peace and the municipal judges" (section 4).

Reference was also made during the argument to "An Act to prescribe the procedure in the trial of criminal cases in the municipal courts," approved on the 28th of May, 1904. (See Laws of Special Session of 1904, page 12.) That act reads as follows:

"Section 1.—That the procedure for the institution and trial of criminal cases in the municipal courts shall be the same as provided by law for criminal cases in the justice of the peace courts.

"Section 2.—All laws and parts of laws in conflict herewith are hereby repealed."

All of these laws must be considered together, and made to harmonize as far as possible. This is a general rule of construction well known to all courts, and if at first glance it might be supposed that sections 3 and 4 of the Judiciary Act hereinbefore referred to require the municipal courts to proceed according to section 322 of the Code of Criminal Procedure instead of according to section 54 of that code, this view would be corrected at once by a reference to the Act of the 28th of May, 1904, which clearly provides that "The procedure for the institution and trial of criminal cases in the municipal courts shall be the same as provided by law for criminal cases in the justice of the peace courts." But even had the latter act not been passed we could not conclude that it was the intention of sections 3 and 4 of the Judiciary Act to abrogate section 54 of the Code of Criminal Procedure, or to require municipal courts to proceed according to section 322 of that code, because the Judiciary Act was not intended to fix punishments or terms of imprisonment, or to regulate the manner of serving out fines in jails, but had an entirely different object. It is clearly the intention of law, taking all

the provisions quoted and cited herein together, that persons who are fined in the municipal courts of this Island, and who do not pay the fines in accordance with the sentence, should serve the time in jail at the rate of 50 cents per day for the amount of the fine and costs.

In this case the applicant having been convicted of the offence of malicious mischief and fined $10 and costs amounting to $3, should be required to serve twenty-six days in the municipal jail of Vega Baja.

She is accordingly remanded to the custody of the warden of that jail to comply with her sentence; and the judgment of the district court in this case rendered on the 3d day of April 1905, is hereby affirmed, with the costs of this appeal against the prisoner.

*Affirmed.*

Chief Jutice Quiñones and Justices Hernández, Figueras and Wolf concurred.